UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0222(1) (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| RORY ALAN MITCHELL, | |
| Defendant. | |

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Rory Alan Mitchell, pro se.

Defendant Rory Mitchell pleaded guilty to two counts of bank robbery and was

sentenced to 151 months in prison. ECF No. 29 at 1-2. As part of his sentence, the Court

ordered Mitchell to pay a $200 special assessment and $40,985 in restitution. *Id.* at 5.

The Court further ordered that payment was due immediately, but also set up a

payment plan. *Id.* at 6; ECF No. 39 at 16-17 (sentencing transcript). Specifically, the

Court ordered Mitchell to make quarterly payments of $25 during the term of his

imprisonment and, after his release, monthly payments of at least $200.[1] ECF No. 29

at 6. According to the government, Mitchell, who is currently incarcerated and due to

---

[1] If Mitchell obtains work through the UNICOR program, he is required to make monthly payments of 50 percent of his earnings. ECF No. 29 at 6. Based on the government's representations, it does not appear that Mitchell is working in the UNICOR program.

be released in April 2025, has paid the special assessment in full and made $1,807.23 in payments toward his restitution obligation. ECF No. 49 ¶¶ 3-4. In other words, not only is Mitchell in compliance with the payment plan, but he has been making additional payments.

Recently, the government became aware that Mitchell has approximately $8,900 in his inmate trust account. ECF No. 57 ¶ 4. Accordingly, the government moves for an order authorizing the Bureau of Prisons ("BOP") to turn over all but $300 of the funds in the trust account to the Clerk of Court to be applied to Mitchell's remaining restitution obligation.

In response to the government's motion, Mitchell explains that $7,000 of the amount in his trust account was entrusted to him by a third party for the purpose of hiring an attorney to pursue post-conviction remedies on Mitchell's behalf. Both Mitchell and the third party—credibly, under oath, and with supporting documentation—assert that the money belongs to the third party and is only intended to pay for counsel; any amount not used for that purpose must be returned to the third party. Mitchell further explains that the balance of the account consists of money he has put aside at the encouragement of prison officials toward his eventual release (with a small portion reserved for his living expenses in prison). *See, e.g.*, ECF No. 57-1 at 9-10,

15. Accordingly, Mitchell asks that the government's motion be denied and that the BOP be ordered to remove the hold on the funds.

Generally speaking, the government has the authority to enforce restitution orders "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."  18 U.S.C. § 3613(a), (f); 18 U.S.C. § 3664(m)(1)(A)(i).  In addition to such practices and procedures, the government may enforce a restitution order "by all other available and reasonable means."  18 U.S.C. § 3664(m)(1)(A)(ii).  Upon entry of a judgment including a restitution order, a lien arises in favor of the United States on all of the defendant's property and rights to property to the same extent "as if the liability . . . were a liability for a tax assessed under the Internal Revenue Code of 1986."  18 U.S.C. § 3613(c).

In this case, the government relies on 18 U.S.C. § 3664(n) as the source of the Court's authority to order the BOP to turn over the funds in Mitchell's trust account. That provision states that an incarcerated defendant who "receives substantial resources from any source, including inheritance, settlement, or other judgment," must be "required to apply the value of such resources to any restitution . . . still owed."  The government also cites 18 U.S.C. § 3664(k), which authorizes a court, in the interests of justice, to adjust a defendant's payment schedule or require immediate payment in full

upon notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."

Some courts have authorized relief by motion similar to the relief sought by the government here. *See United States v. Lemberger*, 673 F. App'x 579 (7th Cir. 2017) (affirming district court's order authorizing funds to be seized from the defendant's trust account). In this case, however, a third party claims an interest in the bulk of the funds sought by the government. In addition, setting those disputed funds aside, it does not appear to the Court that the remainder of Mitchell's savings represent "substantial resources" within the meaning of § 3664(n).

In a similar case involving third parties who claimed an interest in a large settlement paid to a criminal defendant, the Eighth Circuit reversed the district court's order requiring the defendant to apply the funds to his restitution amount, noting that it was "troubled by the district court's summary disposition of the payment issue." *United States v. Yielding*, 657 F.3d 722, 728 (8th Cir. 2011). The Eighth Circuit further faulted the district court for failing to resolve the issue of ownership of the funds, noting that the defendant "may not be ordered to apply the settlement proceeds to his restitution debt simply because the funds are 'available' to him. He must be the owner; it must be *his* money." *Id.* at 728-29 (emphasis in original).

In its motion, the government stated that it was unaware of any third party who may claim an interest in the funds. The government has not filed any response to Mitchell's objection and therefore has not explained how it could prevail in the face of the third party's claim to the bulk of the funds. In addition, as noted, the Court is not inclined to view the remaining funds as "substantial resources" that must be applied to restitution under § 3664(n), particularly in light of the fact that Mitchell is fully in compliance with his payment schedule and in fact has been making additional payments. The Court will therefore deny the government's motion and order the BOP to release its hold on the funds.[2] The Court suggests to Mitchell that he may want to return the funds to the third party and, if he does retain counsel, ask her to pay that counsel directly. This may avoid further complications.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The government's motion to authorize payment from defendant Rory Alan Mitchell's inmate trust account [ECF No. 49] is DENIED.

---

[2]The government's motion did not identify the authority under which the BOP placed a hold on Mitchell's account.

2.    Mitchell's motions for permission to appear by phone or video conference

and for appointment of counsel in the event of a hearing [ECF Nos. 58, 59]

are DENIED AS MOOT.

3.    The Bureau of Prisons is ORDERED to release the hold on Mitchell's

inmate trust account.

Dated: October 19, 2017                        s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge